UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CAROL W MUNENE,<br><br>                Plaintiff(s),<br>  v.<br>SPECIALIZED LOAN SERVICING,<br>                Defendant(s).<br>_____/ | No. C 10-02876 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On June 29, 2010, Defendant Specialized Loan Servicing LLC removed the above-captioned case to this Court. (Dkt. #1.) On August 6, 2010, Defendant filed a Motion to Dismiss, with a noticed hearing date of October 14, 2010. (Dkt. #6.) Pursuant to Civil Local Rule 7, any opposition to Defendant's motion was due by September 23, 2010. Plaintiff failed to file any opposition. Further, on August 9, 2010, the Court ordered the parties to either consent or decline magistrate jurisdiction by September 2, 2010. (Dkt. #7.) Plaintiff failed to comply with this deadline. Based on Plaintiff's inaction, the Court vacated the motion to dismiss hearing date and ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. The Court ordered Plaintiff to file a declaration by October 14, 2010, and scheduled an order to show cause hearing on October 21, 2010. (Dkt. #11.)

On October 21, 2010, the Court held an order to show cause hearing. Plaintiff made no appearance at the hearing and failed to file a declaration. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Here, Plaintiff failed to file an opposition to Defendant's pending motion to dismiss, failed to comply with Court orders and deadlines, failed to respond to the order to show cause, failed to make an appearance at the osc hearing, and has made no appearance in this matter since the case was removed to this Court.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, because Plaintiff has yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge.  The undersigned RECOMMENDS that the newly-assigned judge dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: October 21, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CAROL W MUNENE,

        Plaintiff,

v.

SPECIALIZED LOAN SERVICING,

        Defendant.

Case Number: 10-02876 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carol W. Munene
3275 Maple Avenue
Oakland, CA 94602

Dated: October 21, 2010

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

3